Matter of Attorneys in Violation of Judiciary Law § 468-a (Warner) (2024 NY Slip Op 04293)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Warner)

2024 NY Slip Op 04293

Decided on August 22, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 22, 2024

PM-169-24
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Camille Natasha Warner, Respondent. (Attorney Registration No. 2626752.)

Calendar Date:July 29, 2024

Before:Pritzker, J.P., Ceresia, McShan, Powers and Mackey, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for petitioner.
Camille Natasha Warner, Mount Laurel, New Jersey, respondent pro se.

Motion by respondent for an order reinstating her to the practice of law following her suspension by June 1999 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 262 AD2d 702, 706 [3d Dept 1999]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to June 15, 2024 and the July 25, 2024 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department, and having determined, by clear and convincing evidence, that (1) respondent has satisfied the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5),[FN1] (2) respondent has complied with the order of suspension and the rules of this Court, (3) respondent has the requisite character and fitness to practice law, and (4) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
Pritzker, J.P., Ceresia, McShan, Powers and Mackey, JJ., concur.

Footnotes

Footnote 1: An attorney who has been suspended solely due to failing to maintain his or her attorney registration requirement and who has been suspended for more than two years is no longer required to pass the Multistate Professional Responsibility Exam prior to seeking reinstatement, but rather must demonstrate compliance with certain continuing legal education requirements contained within Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (see Matter of Clark, 214 AD3d 1250, 1251-1252 [3d Dept 2023]). Given this, we deem respondent's request for a waiver of the Multistate Professional Responsibility Exam academic (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Riddell], 227 AD3d 1315, 1316 n [3d Dept 2024]).